# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

NORMAN WILLIAMS,
*As Legal Representative of J.H.*,
DIANE HOWE,
*As Legal Representative of J.H.*,
KEVIN ATTAWAY and
JAMEL BLAKELY,

      Plaintiffs,

      v.

ROMARM, S.A.,

      Defendant.

Civil Action No. TDC-14-3124

## MEMORANDUM ORDER

Pending before the Court is Plaintiffs' Motion to Transfer under 28 U.S.C. § 1406, filed on October 13, 2016.  ECF No. 62.  On September 30, 2016, the Court granted a Motion to Dismiss based on the lack of personal jurisdiction over Defendant Romarm, S.A. ("Romarm"). Plaintiffs now request that the Court transfer the case to the United States District Court for the District of Vermont, which, they assert, will be able to exercise personal jurisdiction over Romarm.

District courts have discretion to transfer any case filed in the wrong venue to "any district or division in which it could have been brought" if such transfer would be "in the interest of justice." 28 U.S.C. § 1406(a) (2012); *see Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1200-01 (4th Cir. 1993).  The United States Court of Appeals for the Fourth Circuit construes § 1406(a) broadly to "authorize broad remedial relief where there are impediments to an adjudication on the merits," including lack of personal jurisdiction. *See Porter v. Groat*, 840

F.2d 255, 257-58 (4th Cir. 1988); *see also In re Carefirst of Md., Inc.*, 305 F.3d 253, 255-56 (4th Cir. 2002); *O'Ne al v. Hicks*, 537 F.2d 1266, 1268 (4th Cir. 1976) (after dismissing for lack of personal jurisdiction, remanding to permit plaintiffs to move for transfer).

Venue is ordinarily proper in the judicial district where the defendant resides or where the events giving rise to the claim occurred. 28 U.S.C. § 1391(b). "[I]f there is no district in which an action may otherwise be brought," venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction." *Id.* § 1391(b)(3). Where Romarm is not a resident of any state, and where the case may not be brought in the district in which the events occurred, the District of Columbia, or even in Maryland, because of a lack of personal jurisdiction, the Court concludes that this case may be brought in, and thus transferred to, the District of Vermont if Romarm is subject to personal jurisdiction in that district.

Plaintiffs have made a *prima facie* showing that Romarm is subject to personal jurisdiction in Vermont. Vermont's long-arm statute, Vt. Stat. Ann. Tit. 12 § 913(b) (West 2007), "reflects a clear policy to assert jurisdiction over individual defendants to the full extent permitted by the Due Process Clause." *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 38 (2d Cir. 2014). Thus, the test for personal jurisdiction in Vermont requires Plaintiffs to (1) demonstrate that Romarm has sufficient "minimum contacts" with Vermont to justify the court's exercise of personal jurisdiction, and (2) show that the exercise of personal jurisdiction would comport with "traditional notions of fair play and substantial justice." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567-68 (2d Cir. 1996).

To establish minimum contacts sufficient to justify the exercise of personal jurisdiction over Romarm, Plaintiffs must demonstrate either a "regular course of sales" in the forum state, or establish the existence of other facts, such as "special state-related design, advertising, advice,

marketing, or anything else," that would indicate a "specific effort" by the defendant to sell in the forum state. *See J. McIntyre Mach. Ltd. v. Nicastro*, 564 U.S. 873, 889 (2011) (Breyer, J., concurring). *See also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 128-29 (2d Cir. 2002) (finding specific jurisdiction where the defendant "deliberately cultivated" a presence in the forum state by making "efforts to promote and maintain a client base there" and profited "substantially" from its business there).

In their Motion, Plaintiffs assert that Romarm has an exclusive sales agreement with a Vermont-based business, Century Arms, Inc. ("Century") and ships its firearms to Century's facility in Georgia, Vermont, where they are modified and warehoused before being resold by Century. These sales into Vermont have generated over $55 million in revenue for Romarm. As established in earlier proceedings, the specific firearm used in the shootings at issue in this case was shipped to Vermont before Century sold it a firearms dealer in Ohio and it eventually reached Maryland and the District of Columbia. "These contacts are not the kind of 'random, fortuitous, or attenuated contacts' or 'unilateral activity of another party or third person' that the purposeful availment requirement is designed to eliminate as a basis for jurisdiction." *Bank Brussels Lambert*, 305 F.3d at 128 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The Court is thus satisfied that Plaintiffs have made a *prima facie* showing of both a regular course of sales into Vermont and a specific effort to target the state of Vermont.

Notably, Romarm does not contest these facts. Instead, Romarm argues that "the conduct and/or activities of Century or other entities cannot be utilized to establish personal jurisdiction over Romarm." Opp'n at 11. But it is not the conduct of Century, which allegedly modifies Romarm's products to comply with federal regulations and resells them to firearms dealers nationwide, that establishes whether a Vermont court could exercise personal jurisdiction over

3

Romarm. Rather, it is Romarm's own purposeful availment of the laws and protections of Vermont as it regularly sells and ships firearms directly into Vermont that subjects it to a Vermont court's jurisdiction.

Plaintiffs have also demonstrated that the District of Vermont's exercise of jurisdiction over Romarm would not offend "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Sup. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 113-14 (1987). The five-factor test articulated in *Asahi* requires the court to assess the "reasonableness" of the exercise of personal jurisdiction in this case based on: (1) the burden on the defendant, (2) the interests of the forum, (3) the interests of the plaintiff in obtaining relief, (4) the judicial system's interest in efficient resolution of controversies, and (5) the common interests of the states in furthering "fundamental substantive social policies." *See id.*; *Metro. Life Ins. Co.*, 84 F.3d at 573-75. Where a plaintiff makes the threshold showing of the minimum contacts required, the defendant must present "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Bank Brussels Lambert*, 305 F.3d at 129. Romarm has not made such a showing.

Under the first factor, litigating in a foreign country is burdensome to any defendant, and under the fourth factor, adjudication in Vermont may not be particularly efficient because the underlying events, the witnesses, and the evidence generally derive from outside that state. The second and third factors, however, weigh in favor of Plaintiffs. Vermont has an interest in maintaining a lawsuit involving a corporation doing substantial business in the state. Plaintiffs likewise have a clear interest in obtaining relief which otherwise may be unavailable in any other district in the United States. As for the fifth factor, substantive social policies, the Court finds that where a foreign manufacturer has purposefully availed itself of the United States market, as

4

Romarm has through its extensive distribution of firearms nationwide, the states have a common interest in ensuring that the manufacturer cannot evade jurisdiction altogether. Because Romarm has targeted Vermont specifically by funneling its products through an exclusive distributor located there, it is manifestly reasonable, and does not offend traditional notions of fair play and substantial justice, to subject Romarm to the jurisdiction of its courts. The Court therefore concludes that this case could be brought in the District of Vermont. *See* 28 U.S.C. § 1391(b)(3).

For the same reasons, the Court also finds that transfer to the District of Vermont is "in the interest of justice." 28 U.S.C. § 1406(a). Where the Court "perceive[s] it to be in the interest of justice for plaintiffs to have their day in court," and there appears to be no other district in which this case may proceed, transfer is warranted. *Porter*, 840 F.2d at 258. The Court does not agree that Plaintiffs demonstrated a lack of diligence by filing this case first in the District of Columbia, then in Maryland, or that the decisions to file in those jurisdictions were made in bad faith. Where the shootings underlying this case occurred in Washington, D.C., the initial filing in the District of Columbia was entirely sensible. When the case was dismissed for lack of personal jurisdiction, the filing in Maryland was understandable because of its proximity to Plaintiffs and, as Romarm has acknowledged, because the firearm at issue was actually sold in Maryland. The fact that Plaintiffs were ultimately unable to establish personal jurisdiction over Romarm in these districts, particularly where Romarm vigorously opposed such a finding and refused to provide jurisdictional discovery, does not provide a basis to conclude that Plaintiffs acted in bad faith. In any event, the Fourth Circuit has never adopted the rule that even an obviously wrong choice of forum bars the district court from exercising its discretion to transfer the case to a proper forum. *See Nichols*, 991 F.2d at 1202 n.6 ("We do not imply that a district court would necessarily err by granting a plaintiff's motion to transfer an action that the

plaintiff's attorney filed in the wrong court because of an obvious error."). The Court therefore will not deny transfer on the basis of bad faith, nor will it grant Romarm's request for attorney's fees and costs.

Finally, because this Court does not have jurisdiction over this case, it would be inappropriate to address Romarm's argument that Plaintiffs have not adequately stated a claim, its assertion that service of process was insufficient, and its affirmative defense based on the statute of limitations. The Court leaves those matters to the District of Vermont.

Accordingly, for the foregoing reasons, it is ORDERED that:

1. Plaintiffs' Motion to Transfer, ECF No. 62, is GRANTED.

2. The Clerk is directed to transfer this case to the District of Vermont.

3. Defendant's request for attorney's fees and costs is DENIED.


Date:  January 9, 2017

THEODORE D. CHUANG
United States District Judge